merely that certain of the notes are past due and unpaid is insufficient, especially where not only is no loss shown, but it is shown that the principal is contesting the value of the consideration for which the notes were given.

---

## Wearcrete Engineering Company, Appellee, v. Newton Engineering Company, Appellant.

### Gen. No. 23,765.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. LOCK-WOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed June 19, 1918. Rehearing denied July 5, 1918.

### Statement of the Case.

Attachment by Wearcrete Engineering Company, a corporation, plaintiff, against Newton Engineering Company, a corporation, defendant. The plaintiff filed a declaration and an affidavit of claim, and the defendant filed a plea of the general issue and also a special plea, supported by an affidavit, but no affidavit of merits was filed. On motion, later made by the defendant, an order was entered, giving it leave to withdraw its special plea. Later, the court, on motion of the plaintiff, ordered the plea of the general issue stricken for want of an affidavit of merits and entered a default against the defendant for want of a plea, following which, the plaintiff's damages were assessed at $442.48, and judgment was entered against the defendant for that amount. At a subsequent term, the defendant made a motion to vacate the judgment, which motion the court denied, and the defendant has appealed from that order.

STEPHEN A. DAY and JOHN M. DUFFY, for appellant.

THOMAS MACK, for appellee.

MR. JUSTICE THOMSON delivered the opinion of the court.

### Abstract of the Decision.

1. JUDGMENT, § 133*—*when default may be vacated after term.* After the expiration of the term at which a judgment by default is entered, the court is without jurisdiction to entertain a motion to vacate it, unless made under Hurd's Rev. St. ch. 110, sec. 89 (J. & A. ¶ 8626).

2. JUDGMENT, § 272*—*how motion to vacate after term must be made.* Under Hurd's Rev. St. ch. 110, sec. 89 (J. & A. ¶ 8626), a motion to vacate a judgment by default entered at a previous term cannot be made orally, but must be in writing.

3. APPEAL AND ERROR, § 1568*—*when question of irregularity in procedure in obtaining judgment by default is immaterial.* The question whether or not a case had been properly placed upon a printed calendar, and whether or not the action of the court in entering judgment by default was taken at a time when the case had been regularly reached for trial, is immaterial where the record shows that defendant was in default.

4. JUDGMENT, § 106*—*when defendant is in default.* Where plaintiff has filed an affidavit of claim with his declaration and defendant has, on his own motion, been given leave to withdraw a special plea which he had filed with a plea to the general issue, but without filing any affidavit of merits, the effect of the granting of his motion is to leave his plea of the general issue unsupported and defendant is in default, and when defendant's time to plead has expired, plaintiff is entitled to judgment at any time.

5. PLEADING, § 162*—*what is proper practice upon failure to timely file affidavit of merits.* While the usual practice is for the court to enter an order striking the plea of the general issue from the files when there is no affidavit of merits and the time to plead has expired, advantage of the omission to file the affidavit of merits may be taken by motion for judgment as in case of default, under the provisions of section 55 of the Practice Act (J. & A. ¶ 8592).

6. JUDGMENT, § 106*—*when no notice to defendant in default for want of pleading is necessary.* Where a defendant is in default for want of an affidavit of merits, plaintiff is entitled to have his formal order of default entered and judgment awarded under the provisions of section 55 of the Practice Act (J. & A. ¶ 8592), without notice to the defendant.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.